The counsel for the plaintiff cited Buller Nisi Prius, 34; Salk., 290.
On the part of the defendant it was admitted that where one of two joint owners takes the whole to himself, and destroys the thing owned, trover will lie; but if the thing be forcibly taken at first, and afterwards used as the common property of both, and for the benefit of both, and whilst so employed shall be lost, that such loss is a common one. Here the vessel at first was forcibly taken by the defendant, and the first voyage to Charleston forbidden; but it does not appear they afterwards disagreed about the vessel. The last voyage was not forbid by the plaintiff, and it may be reasonably presumed, as there is no evidence to the contrary, that it was by consent.
If one of two joint owners takes possession of the whole, no action will lie for this, for one hath as much right to the (256) possession as the other; but if, after taking possession, he destroys the property, he is then liable, because the joint ownership does not empower him to destroy the property of the other; and if such joint owner, after getting the sole possession, shall, without the consent or against the will of the other owner, send the vessel to sea, and she be lost in that voyage, the jury may consider such loss as a destruction of the vessel occasioned by the joint owner by means of sending her to sea, and find for the plaintiff. Molloy b, 2, c. 2, s. 2, 3.
The jury found accordingly for the plaintiff, being of opinion that the loss in this case was a destruction occasioned by the defendant, and of course, a conversion in him. They assessed damages to £ 1072.
Cited: Grim v. Wicker, 80 N.C. 343.